Jordon R. Harlan, Esq. (CSB #273978)
**HARLAN HILLIER DIGIACCO LLP**
701 Island Avenue, Second Floor
San Diego, CA 92101
Telephone: (619) 330-5120
Fax: (619) 839-3895
Email: jordon@hhdlaw.com

Adam J. Kress, Esq. (MN #0297289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
          arick@johnsonbecker.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEONISSA NOBLE**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SUNBEAM PRODUCTS, INC.** and **NEWELL BRANDS, INC.**,<br><br>Defendants. | Case No. **'25CV408   BTM MMP**<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.   Strict Products Liability<br><br>2.   Negligent Products Liability<br><br>3.   Breach of Implied Warranty of Merchantability<br><br>4.   Breach of Implied Warranty of Fitness for a Particular Purpose |

Plaintiff, **LEONISSA NOBLE** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN**

1

COMPLAINT AND DEMAND FOR JURY TRIAL

**HILLIER DIGIACCO LLP**, hereby submits the following Complaint and Demand for Jury Trial against Defendants, **SUNBEAM PRODUCTS, INC.** and **NEWELL BRANDS, INC.** (hereafter collectively referred to as "Defendants"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.      Defendants Sunbeam Products, Inc. and Newell Brands, Inc. design, manufacture, market, import, distribute and sell a wide-range of consumer products, including the subject "Crock-Pot Express Crock Multicooker," which specifically includes the Model Number SCCPPC60-SS (referred to hereafter as "pressure cooker(s)" or "subject pressure cooker").

2.      Defendants tout that their pressure cookers are designed with "safety in mind"[1] and include "various safety measures"[2] which purport to keep the lid of the pressure cooker from being opened while the unit is under pressure.

3.      Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

4.      Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

---

[1] *See* Crockpot Express Crock Pressure Cooker User Manual, p. 10. A copy of the User Manual is incorporated by reference and attached hereto as Exhibit A.

[2] *Id.*

5.      Defendants knew or should have known of these defects, but have nevertheless put profit ahead of safety by continuing to sell their pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6.      Defendants ignored and/or concealed their knowledge of these defects in their pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

7.      As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF LEONISSA NOBLE

8.      Plaintiff is a resident and citizen of the City of San Diego, County of San Diego, State of California. Plaintiff therefore is a resident and citizen of the State of California for purposes of diversity pursuant to 28 U.S.C. § 1332.

9.      On or about March 8, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety features," which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### DEFENDANTS SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.

10.      Defendants design, manufacture, market, import, distribute and sell a

variety of consumer products[3] including pressure cookers, irons, mixers, heated blankets, and heating pads, amongst others.

11.    Defendants claim to "[provide] total wellbeing solutions for living a healthy, lively and fulfilling life"[4] and boast that they have "provided convenient solutions to make everyday life better"[5] for "over 100 years."[6]

12.    Defendant Sunbeam Products, Inc. is a Delaware Corporation with its registered place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328, and its principal place of business located at 2381 Executive Center Drive, Boca Raton, Florida 33431. As such, Defendant Sunbeam Products, Inc. is deemed a citizen of the State of Delaware and the State of Florida for purposes of diversity pursuant to 28 U.S.C. § 1332.

13.    At all times relevant, Defendant Sunbeam Products, Inc. substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

14.    Defendant Newell Brands, Inc. is a Delaware Corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. As such, Defendant Newell Brands, Inc. is deemed a citizen of the State of Delaware and the State of Georgia for purposes of diversity pursuant to 28 U.S.C. § 1332.

15.    At all times relevant, Defendant Newell Brands, Inc. substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

//

---

[3] *See generally*, https://www.sunbeam.com/ (last accessed February 21, 2025).

[4] *See*, https://www.newellbrands.com/our-brands/sunbeam (last accessed February 21, 2025).

[5] *Id.*

[6] *Id.*

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

17.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

18.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of California and have intentionally availed themselves of the markets within the State of California through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

19.    Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

20.    Defendants aggressively warrant, market, advertise, and sell their Pressure Cookers as "an ideal way to create quick, flavorful meals"[7] that is "perfect for busy families, those on the run and those who need flexible meal times."[8]

21.    According to the Owner's Manual accompanying each individual unit sold, the Pressure Cookers purport to be designed "with safety in mind and [with] various safety measures."[9]

22.    For instance, Defendants claim that their pressure cookers include "safety sensors"[10] to keep the lid from being opened while the unit is under pressure; that

---

[7] *See* Ex. A, p. 16.

[8] *Id.*

[9] *Id.* at p. 10.

[10] *Id.*

COMPLAINT AND DEMAND FOR JURY TRIAL

"[p]ressure will not build if the Lid is not shut correctly and has not sealed"[11]; and that "[o]nce the pressure increases, the Lid cannot be opened."[12]

23.    In addition to the "safety measures" listed in the manual, Defendants advertised on its Crock-Pot website that consumers could "cook with confidence" because the "airtight locking lid remains locked while pressure is inside the unit."[13]

24.    By reason of the forgoing acts or omissions, the Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

25.    Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendants.

26.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

27.    Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

28.    Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in

---

[11] *Id.*

[12] *Id.*

[13] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed March 28, 2022).

harm's way.

29. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

30. As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the pressure cooker.

31. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC., ALLEGES AS FOLLOWS:

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

34. Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendants.

35. Plaintiff and her family did not misuse or materially alter the pressure cooker.

36. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

37. Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

    e. Defendants failed to adequately test the pressure cookers; and

    f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

38. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC., ALLEGES AS FOLLOWS:

39. Plaintiff incorporates by reference each preceding and succeeding

8

COMPLAINT AND DEMAND FOR JURY TRIAL

paragraph as though set forth fully at length herein.

40. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

41. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

42. Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of their pressure cookers in that, among other things, they:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed their pressure cookers through social media and other advertising outlets; and

   d. Were otherwise careless or negligent.

43. Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market their pressure cookers to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGAINST SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC., ALLEGES AS FOLLOWS:

44. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

45.     At the time Defendants marketed, distributed and sold their pressure cookers to the Plaintiff and/or her family in this case, Defendants warranted that their pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

46.     Members of the consuming public, including consumers such as Plaintiff and/or her family, were intended third-party beneficiaries of the warranty.

47.     Plaintiff and her family reasonably relied on Defendants' representations that their pressure cookers were a quick, effective and safe means of cooking.

48.     Defendants' pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

49.     Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

50.     Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest and all such other relief as the Court deems proper.

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGAINST SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC., ALLEGES AS FOLLOWS:

51.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

52.     Defendants manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

53.     Members of the consuming public, including consumers such as Plaintiff

10

COMPLAINT AND DEMAND FOR JURY TRIAL

and her family, were the intended third-party beneficiaries of the warranty.

54.   Defendants' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

55.   Plaintiff and her family reasonably relied on Defendants' representations that their pressure cookers were a quick, effective and safe means of cooking.

56.   Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

57.   As a direct and proximate result of Defendants' negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

58.   As a direct and proximate result of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

59.   As a direct and proximate cause of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A.   That Plaintiff has a trial by jury on all of the claims and issues;

B.   That judgment be entered in favor of the Plaintiff and against Defendants on all of the aforementioned claims and issues;

C.   That Plaintiff recover all damages against Defendants, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D.   That all costs be taxed against Defendants;

E.   That prejudgment interest be awarded according to proof;

F.   That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: February 24, 2025

**HARLAN HILLIER DIGIACCO LLP**

*/s/ Jordon R. Harlan, Esq*
Jordon R. Harlan, Esq. (CSB #273978)
701 Island Avenue, Second Floor
San Diego, CA 92101
Telephone: (619) 330-5120
Fax: (619) 839-3895
Email: jordon@hhdlaw.com

*In association with*:

**JOHNSON BECKER, PLLC.**

Adam J. Kress, Esq. (MN #0297289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101

12
COMPLAINT AND DEMAND FOR JURY TRIAL

Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
Email: arick@johnsonbecker.com

COMPLAINT AND DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: February 24, 2025**          By:      */s/ Jordon R. Harlan, Esq.*
**Jordon R. Harlan, Esq. (CA #273978)**

COMPLAINT AND DEMAND FOR JURY TRIAL